UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEGAN LEFFLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:13cv1764 TCM |
| | ) |
| MILLER AND STEENO, P.C., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Pending in this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 to 1692p, is a motion by Megan Leffler (Plaintiff) for partial summary judgment on the question whether a July 3, 2013 letter from Miller and Steeno, P.C. ("M&S"), one of the four defendants, violates § 1692g(a)(1) by not informing her that interest was accruing on the debt at issue.[1]

**Background**

For purposes of the instant motion, it is undisputed that Plaintiff is an individual consumer, that the debt at issue is one once owed to U.S. Bank and was not incurred for any business-related purpose, and that M&S is a debt collector. (Pl.'s Stat. ¶ 1-3, ECF No. 48-2.) By correspondence dated July 3, 2013, M&S sent Plaintiff a letter referring to her "unpaid account" with U.S. Bank, listing the account number, and listing a balance in the "Re:" line. (Pl.'s Aff. Ex. 2, ECF No. 48-4.) The amount of the balance is blacked out on the exhibit. (Id.) The body of the letter simply refers to "the debt." (Id.) It further advises her that "the

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

debt" will be presumed to be valid if she does not dispute it within thirty days of receipt of the letter. (Id.) If she did not dispute it, she was to send payment in full to the office or, if unable to do so, call and arrange a payment plan. (Id.) There is no deadline by which she was to do either. (Id.) Plaintiff's handwritten note reads: "775.38 as of 7/31." (Id.)

Although the second amended complaint refers to a second collection letter of July 15, 2013, the letter has not been submitted by either party. (See Pl.'s 2nd Am. Compl. at 7-8, ECF No. 47.) Also on July 15, 2013, Plaintiff spoke over the telephone with someone at M&S and was informed that interest was accruing on the debt. (Leffler Aff. ¶ 8-9, ECF No. 48-3.)

Plaintiff argues that the July 3 letter violates 15 U.S.C. § 1692g(a)(1)[2] by not disclosing that interest was accruing on the identified debt. M&S counters that there is no violation because all that was required to be disclosed was, i.e., what the amount of the debt was as of the date of the letter.

## Discussion

Summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure "is proper when the evidence, viewed in the light most favorable to the non-moving party, demonstrates that no genuine issue of material fact exists, and that the moving party is entitled to judgment

---

[2]Section 1692g(a)(1) provides:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1) the amount of the debt; . . .

as a matter of law." **Rester v. Stephens Media, LLC**, 739 F.3d 1127, 1130 (8th Cir. 2014). Accord **MidAmerican Pension and Emp. Benefits Plans Admin. Comm. v. Cox**, 720 F.3d 715, 718 (8th Cir. 2013). The existence of a factual dispute is not enough alone to avoid entry of summary judgment; "rather, the dispute must be outcome determinative under the applicable law." **Hammer v. City of Osage Beach, Mo.**, 318 F.3d 832, 837 (8th Cir. 2003).

"'The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, . . . and debt collectors are liable for failure to comply with any provision of the Act.'" **Dunham v. Portfolio Recovery Assocs.**, 663 F.3d 997, 1000 (8th Cir. 2011) (quoting Richmond v. Higgins, 435 F.3d 825, 828 (8th Cir. 2006)) (alteration in original). "A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which is 'designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder.'" **Strand v. Diversified Collection Serv., Inc.**, 380 F.3d 316, 317 (8th Cir. 2004) (quoting Duffy v. Landberg, 215 F.3d 871, 874 (8th Cir. 2000)). "This standard protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." **Id.** at 317-18. Whether a letter "meets the requirements of 1692g(a)(1) is a question of law." **Beasley v. Sessoms & Rogers, P.A.**, 2010 WL 1980083, *3 (E.D. N.C. Mar. 1, 2010).

As noted above, one provision of the FDCPA, § 1692g(a)(1), requires that the debt collector notify the consumer of the amount of the debt at issue. "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are

primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

The debt at issue is a credit card debt. (Leffler Dep. at 18, ECF No. 59-1.) It is undisputed that the July 3, 2013 letter does not state that the balance listed in the letter is subject to increase due to the accrual of interest. Such an omission has been held to violate § 1692g(a)(1). See **Jones v. Midland Funding, LLC**, 2012 WL 1204716, *2 (D. Conn. Apr. 11, 2012) (citing cases from other districts and from the Seventh Circuit holding so). It has also been held *not* to violate § 1692g(a)(1) if the letter "states the total amount of the debt as of the date the notice is sent . . . even though the consumer is not informed that additional interest will accrue." **Id.** (citing only district court cases from New York).

The Seventh Circuit case cited in *Jones* is **Miller v. McCalla, Raymer, Patrick, Cobb, Nichols, and Clark, LLC**, 214 F.3d 872 (7th Cir. 2000). In that case, the court considered a debt collection letter stating the unpaid principal balance of an outstanding loan and further stating that the listed balance did not "'include accrued but unpaid interest . . . as authorized by your loan agreement. The amount to reinstate or pay off your loan changes daily.'" **Id.** at 875. The court held that "[t]he unpaid principal balance is not the debt; it is only part of the debt; the Act requires statement of the debt." **Id.** Specifically, the FDCPA required that the letter "state the total amount due – interest and other charges as well as principal – on the date the dunning letter was sent." **Id.** at 875-76. The court then suggested "safe harbor" language to "minimize litigation under the debt collection statute." **Id.** at 876. The language included a statement to the effect that the amount due on the day the debt is paid might be greater than the amount listed in the letter due to interest and such other charges as late charges. **Id.**

Citing a case from the same district, the Eastern District of Tennessee has held that "courts have concluded, consistent with *Miller*, that costs and accruing interest must be disclosed in the initial communication to comply with § 1692g." **Murr v. Tarpon Fin. Corp.**, 2014 WL 546690, * 7 (E.D. Tenn. Feb. 10, 2014). The letter at issue in that case listed a principal amount due exclusive of attorney's fees but did not include the total amount due. **Id.** at *8. The discrepancy was made evident by the difference in the amount listed in the letter and a subsequent civil warrant seeking judgment for the same amount due and for "'pre and post judgment interest at the underlying contract rate.'" **Id.** at *7. Thus, "the documents plainly reflect[ed] that [the debt collector] was seeking more than the amount included in the [seminal] letter . . . . This is not a matter of failing to 'break down' the principal and interest; this is a matter of failing to inform [the plaintiff] that interest was accruing." **Id.** at *8. See also **Beasley**, 2010 WL 1980083 at *4, 5 (holding that "a debt collector may violate § 1692g(a)(1) if it collects interest but fails to inform a consumer that it intended to do so" and that a letter advising a consumer to be aware that interest may be continuing to accrue on the listed balance was consistent with *Miller*).

In **Chuway v. Nat'l Action Fin. Servs.**, 362 F.3d 944 (7th Cir. 2004), both parties cited *Miller* in support of their respective positions on whether a collection letter violated § 1692g(a)(1). As in the instant case, the debt at issue was a credit card debt. The collection letter listed a balance, requested that the balance be remitted in a provided envelope, and instructed the plaintiff to call an "800" number to obtain her current balance. **Id.** at 947. It was undisputed that the defendant had been hired to collect only the balance listed in the letter. **Id.** Any interest which might accrue on that balance was not part of the debt the

defendant was attempting to collect but was owed to the credit card company. **Id.** The court held that letter would have complied with § 1692g(a)(1) had it not also instructed the plaintiff to call to obtain her current balance. **Id.** The additional language could have confused the plaintiff about to whom she owed any difference between the balance on the letter and the balance given her over the telephone; consequently, the potential confusion violated the FDCPA. **Id.** at 948. The court further held that its "conclusion [did] not place debt collectors on a razor's edge, where if they say too little they violate the Act by failing to disclose the amount of the debt they are trying to collect and if they say too much they violate the Act by confusing the consumer." **Id.** at 949.

The collection letter at issue in **Dragon v. I.C. Sys., Inc.**, 483 F. Supp.2d 198 (D. Conn. 2007), was found to say too little. The defendant argued that the balance sought in its letter was the amount placed with it for collection and was the amount which, if paid, would have closed the account. **Id.** at 202. The letter neither stated that the balance was fixed nor that it might be different at a later time. **Id.** Although disagreeing with the plaintiff that the letter had to use the "safe harbor" language of *Miller*, the court held that the letter violated the FDCPA by not either (a) stating the effective date as of which the listed balance due was sufficient to pay the debt in full or (b) acknowledging that the amount to pay the debt in full could vary based on "accrued interest and/or other fees and charges." **Id.** at 202-03. This failure could potentially mislead a consumer into concluding that the balance listed "was due *at any time*, when it fact it was not and was subject to adjustment [by the creditor] on a periodic basis." **Id.** at 203 (noting that the plaintiff had received a second notice two months after the first that listed an increased balance).

The court in **Schaefer v. ARM Receivable Mgmt., Inc.**, 2011 WL 284778 (D. Mass. July 19, 2011), found *Dragon* inapposite to a plaintiff's claim that § 1692g(a)(1) was violated by a September letter listing an amount due on a debt that had increased over the balance listed on an earlier June letter. **Id.** at *5. The court held that, unlike the *Dragon* letter, the letters at issued had not represented that "the principal owed and the balance due [were] one and the same." **Id.** at *6. The court also noted that "'even the most unsophisticated consumer would understand that credit card debt accrues interest.'" **Id.** at *5 (quoting Weiss v. Zwicker & Assocs., 664 F. Supp.2d 214, 217 (E.D. N.Y. 2009)).[3]

The Court finds *Schaefer* inapposite. In the instant case, the parties focus their argument only on the July 3 letter. Plaintiff contends it says too little because it fails to advise her that interest was accruing on the stated balance. M&S argues that requiring any additional information would be asking too much because interest was clearly accruing on the credit card debt.

---

[3]M&S cites this observation in Weiss in support of its argument that "[i]t is difficult to imagine a person with a credit card not being aware that it accrues interest." (M&S Mem. at 10.) The court in **Michalek v. ARS Nat'l Sys., Inc.**, 2011 WL 6180498, *6 (M.D. Pa. Dec. 13, 2011), noted that the *Weiss* "logic was applied to a consumer's claim of confusion as to an increase in debt owed between collection letters. It was not, however, a claim that a collection letter was in violation of the FDCPA for failing to offer prospective notice that a debt may increase." In the instant case, the complaint refers to a second collection letter, but it is not before the Court. Plaintiff avers that she was told during a telephone conversation that interest was accruing daily, but she does not clarify whether she was also told M&S was attempting to collect this additional interest. See **Chuway**, 362 F.3d at 947 (noting that accrued interest on a credit card debt is not necessarily part of the debt a collection agency has been authorized to collect). And, although M&S cites Plaintiff's deposition testimony that she knew interest was accruing on her credit card balance, she qualified that testimony by later explaining that she thought the accruing interest was owed to U.S. Bank, not M&S.

The Court finds the reasoning of the Seventh Circuit that a collection letter does not comply with § 1692(g) if it states only the unpaid *principal* balance and does not include interest owed as of the date of the letter, but also finds that it does not compel the conclusion advocated by Plaintiff. *Miller* does not require that a collection letter include "safe harbor" language advising a consumer that interest may be accruing on a debt. Instead, the language was suggested as a way to minimize debt collection litigation – a suggestion whose validity is supported by the present litigation.

As noted by the court in **Chuway**, 362 F.3d at 947, there is no FDCPA violation if the amount listed in the July 3 collection letter is "the *entire* debt that [M&S] was hired to collect." The letter lists a "balance" and directs Plaintiff to send payment in full to the M&S office if she does not dispute the debt. There is no time limit for her to do so,[4] nor is there any suggestion that should she remit payment for the stated balance the debt would not be considered discharged. There is no indication that the balance would increase after a certain date. Consequently, it is unknown whether the blacked-out balance is of unpaid principal only or of principal plus interest owed as of the date of the letter. Morever, as noted above, the parties have not submitted the second collection letter. Thus, other than Plaintiff's reference to the telephone conversation, see note 3, supra, there is no indication in the record before the Court that the debt sought to be collected by M&S in the July 3 letter had increased after that date.

---

[4]The only time limit in the letter is the thirty-day period in which she could dispute the validity of the debt before it would be presumed by M&S to be valid.

For the foregoing reasons, the Court cannot determine whether the blacked-out balance in the July 3 letter is the entire amount of the debt M&S was hired to collect from Plaintiff. If it is, there is no FDCPA violation. As noted above, Plaintiff bears the burden of establishing that no genuine issue of material fact exits. She has failed to carry this burden.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion for partial summary judgment is **DENIED**. [Doc. 48]

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file a second supplemental memorandum in support of her motion is also **DENIED**.[5] [Doc. 61]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of April, 2014.

---

[5] Regardless, the Court has carefully reviewed the arguments and exhibits submitted and finds them unpersuasive.