UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEGAN LEFFLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:13cv1764 TCM |
| | ) |
| MILLER AND STEENO, P.C., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Megan Leffler (Plaintiff) moves this Court for reconsideration of its order denying her motion for partial summary judgment on the question whether a July 3, 2013 letter from Miller and Steeno, P.C., violates 15 U.S.C. § 1692g(a)(1) by not informing her that interest was accruing on the debt at issue.

Plaintiff bases her motion on the contents of July 15, 2013, telephone call. Although the recording of that call was submitted in support of her motion, Plaintiff's only reference in her Statement of Uncontroverted Facts to the contents of the call was that she was then informed for the first time that interest was accruing on her account. In her motion for reconsideration, she argues that the Court's assumptions in its summary judgment ruling were incorrect based on additional revelations made during the telephone conversation. Acknowledging the limited description of the call in her motion for summary judgment, she attempts to "remed[y] her earlier oversight through the detailed description of the call provided" in the reconsideration motion. (Pl.'s Mot. at 4.) She also notes that the Court was provided a copy of the recording as an exhibit in support of her motion for partial summary judgment. (Id.)

The Court was not obligated to listen to the recording in search of evidence to support Plaintiff's claim. See **Brown v. City of Jacksonville**, 711 F.3d 883, 888 n.5 (8th Cir. 2013); **Holland v. Sam's Club**, 487 F.3d 641, 644 (8th Cir. 2007); **Rodgers v. City of Des Moines**, 435 F.3d 904, 908 (8th Cir. 2006).

Nor will the Court reconsider its earlier ruling based on a detailed description not made in support of the seminal motion because of an unexplained oversight. See **Minn. Supply Co. v. Raymond Corp.**, 472 F.3d 524, 533-34 (8th Cir. 2006) (analyzing motion for reconsideration of ruling on partial summary judgment as Rule 60(b)(2) motion[1] and affirming the denial of such when there is no new evidence). See also Fed.R.Civ.P. 60(b) (setting forth reasons for granting motion for relief from order).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration is **DENIED**. [Doc. 63]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of May, 2014.

---

[1] See **Elder-Keep v. Aksamit**, 460 F.3d 979, 984 (8th Cir. 2006) (noting that "[t]he Federal Rules of Civil Procedure do not mention motions for reconsideration" and determining that such motions "are nothing more than Rule 60(b) motions when directed at non-final orders") (internal citations omitted). Cf. **Schoffstall v. Henderson**, 223 F.3d 818, 827 (8th Cir. 2000) (holding that motion to reconsider final order is construed as Rule 59(e) motion).